IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| LARRY HARPER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:15CV00035-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Mr. Harper has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 13-25.) The Appeals Council denied his request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-8.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Mr. Harper argues that the ALJ's residual functional capacity assessment was flawed. (Pl.'s Br. 28-31.) Mr. Harper clearly suffers from some level of pain and limitation. And generally speaking, the residual effects of a back impairment are extremely difficult to assess. Especially in this case where Mr. Harper has undergone neurosurgery in an effort to give him some relief from a well-documented impairment. (Tr. 319, 694-5.) But after carefully considering the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

Although I am very sympathetic to Mr. Harper's claims and find this case to be close call, I cannot find reversible fault in the ALJ's opinion. The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing light work. In coming to this conclusion, the ALJ considered the extensive medical records and the numerous opinions from medical professionals and fairly set out in the opinion his rationale for his conclusions.

Mr. Harper specifically argues that the "record does not support a finding that Harper can stand and/or walk for long periods to perform light work." (Pl.'s Br. 29.) However, the record fails to support a conclusion that Mr. Harper is completely precluded from light work. Yes, he has been prescribed a cane and there is some evidence to support Mr. Harper's claims he is unable to perform work at this exertional level. But the post-surgery medical records and diagnostic tests support the ALJ's conclusion that his back impairment was much improved. (Tr. 782-83, 859, 883-891, 912-

915, 942-49.)

It is not to say there is not objective evidence to support Mr. Harper's allegations. I also note Mr. Harper's strong work history. (Tr. 139.) But to find Mr. Harper was disabled would require heavy reliance on his subjective complaints. The ALJ properly discounted those complaints. (Tr. 18-24.) The ALJ's credibility assessment was sound given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, and Plaintiff's functional capabilities. See *Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). And the Commissioner correctly notes that Mr. Harper's noncompliance with medication and prescribed treatment are not without consequence.

Plaintiff has advanced other arguments I find are without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 25th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE